**<u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>**

I, Daniel J. Newton, being first duly sworn, hereby depose and state as follows:

**<u>INTRODUCTION AND AGENT BACKGROUND</u>**

1.     I make this affidavit in support of a criminal complaint, charging Stanlli

BURGOS with one count of distribution of fentanyl and heroin, Schedule II controlled

substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).

2.     I am an investigative or law enforcement officer of the United States, within the

meaning of Section 2510(7) of Title 18, United States Code, and I am empowered by law to

conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title

18, United States Code. I am a Special Agent with the Drug Enforcement Administration

("DEA"), assigned to the Philadelphia Field Division and have been employed by the DEA since

December 2025. Prior to my assignment to the Philadelphia Field Division, I worked as a

Program Finance Analyst where I conducted detailed financial analysis and ensured accuracy

and compliance with regulations and policies for government contracted programs. I also

completed the New York State Police Academy where I was trained in drug identification,

search and seizure protocols, vehicle and traffic law. During my employment with DEA, I

received specialized training from the DEA Academy at Quantico, Virginia in the investigation

and identification of narcotics traffickers. In addition to the referenced training, I have

participated in the investigation of narcotics traffickers involved in the distribution of controlled

substances using investigative techniques including but not limited to conducting physical and

electronic surveillance, debriefing confidential informants, conducting controlled purchases of

narcotics, interviewing witnesses, and reviewing records of narcotics traffickers. My

investigative experience detailed herein, and the experience of other law enforcement agents who are participating in this investigation serve as the basis for the opinions and conclusions set forth herein. During my tenure in law enforcement, I have participated in the execution of State and Federal search warrants in narcotics and firearms-related investigations.

3. Through training and experience, I am familiar with matters including, but not limited to, the means and methods used by drug trafficking organizations to purchase, transport, store, and distribute drugs, and the concealing of profits generated from those transactions. Through my training and experience, I have become familiar with the methods typically utilized by individuals who distribute drugs. I know that it is common practice for drug traffickers to routinely utilize vehicles, rental vehicles, telephones, mobile phones, prepaid phones, text messaging, counter-surveillance, false or fictitious identities, and coded communications to communicate with their customers, suppliers, couriers, and other conspirators for the purpose of insulating themselves from the detection of law enforcement. In addition, it is not unusual for them to initiate such mobile or prepaid phone service in the name of an associate or family member or in the name of a fictitious individual. The individuals often require the use of a telephone facility to negotiate times, places, schemes, and manners for importing, possessing, concealing, and distributing controlled substances, and for arranging the concealment of proceeds derived from the sale of controlled substances.

4. Your Affiant states that this investigation is being conducted by DEA Special Agents, and other law enforcement personnel. The information contained in this affidavit is based upon my training and experience as well as my personal knowledge based upon my participation in the investigation and upon reports and information received from other law enforcement officers and agencies.

**PROBABLE CAUSE**

5.     On August 3, 2026, a cooperating defendant (CD)[1] provided information to members of DEA Philadelphia Division Group 51 regarding a subject known as "STARLIN." Through investigative efforts, members of Group 51 identified "STARLIN" as Stanlli BURGOS. A criminal history check revealed prior narcotics and firearms charges. BURGOS currently has an active arrest warrant out of Springfield, MA for distribution of heroin and has been previously deported. The CD informed investigators that that "STARLIN" is able to provide 200 grams of fentanyl for $4,000.00 to him/herself or an associate.

6.     On August 7, 2026, DEA investigators introduced a DEA confidential source, hereafter the CS[2], to the CD. The CD would coordinate a buy between BURGOS and the CS for approximately 200 grams of fentanyl. Through subsequent WhatsApp text messages and voice calls, the CD confirmed a meeting between the CS and BURGOS for Tuesday, August 11, 2026, for the purchase of 200 grams of fentanyl.

7.     On August 11, 2026, BURGOS engaged in telephonic communication with the CD indicating that BURGOS would be available to sell the CS approximately 200 grams of fentanyl around 5:00 or 6:00 pm. BURGOS agreed on a quantity of 200 grams of fentanyl for the price of $20.00 a gram.

---

[1] The CD's identity is known to law enforcement. The CD has provided information that appears to be reliable and accurate. The information has been corroborated by other independent sources.

[2] Since 2008, the CS has been providing information that has been corroborated by other independent sources. The information provided by the CS has proven to be reliable and accurate. The CS has provided information regarding other crimes, illegal drug trafficking, and money laundering. This information has led to the seizure of USC, drugs, and the arrest of several felony drug offenders. The CS has a prior criminal history which includes a federal drug arrest and conviction in 2004. The CS has not been convicted of any crime since cooperating with DEA. The CS is providing information for financial compensation and immigration assistance.

8.      At approximately 5:40 pm, members of DEA Philadelphia Group 51 met with the CS at a predetermined meet location. Agents searched the CS and the CS's vehicle and both were found free of unauthorized items. Agents provided the CS with an audio/video recording device to allow agents to monitor the CS during the meet. $500.00 Official Advanced Funds (OAF) was also provided to the CS to be mixed in with fake currency to make it appear as if the CS has the funds to purchase the 200 grams of fentanyl from BURGOS.

9.      At approximately 5:43 pm, BURGOS provided instructions for the CD to meet in the vicinity of the pharmacy at G and Hunting Park. This location was identified as the CVS located at 413 G St. Philadelphia, PA, 19124. This information was relayed from investigators to the CS.

10.     At approximately 6:24 pm, TFO Dale Keddie observed a black Honda CRV bearing NY MDZ 4146 operated by a woman parked on the west side of the Ross Dress for Less located at 700 E Hunting Park Ave, Ste 3A, Philadelphia, PA 19124. TFO Keddie observed BURGOS exit the passenger side of the vehicle. The woman and a child also exited from the vehicle. TFO Keddie observed BURGOS, the woman, and child walk into the Ross Dress for Less together.

11.     At approximately 6:30 pm, BURGOS contacted the CD and informed the CD that he saw police in the vicinity of the CVS. BURGOS coordinated with the CD to have the CS meet him in the parking lot of the Ross Dress for Less.

12.     At approximately 6:35 pm, the CS arrived at the Ross Dress for Less. TFO Keddie subsequently observed BURGOS exit the Ross Dress for Less and walk towards the CS vehicle.

13.     At approximately 6:40 pm, your Affiant was monitoring the audio/video recording device and observed BURGOS remove the 200 grams of suspected fentanyl from his shorts pocket and hand it to the CS. At this time, members of Group 51 wearing vests visually identifying themselves as police approached the CS vehicle, announced themselves as police, and ordered BURGOS not to move. BURGOS was subsequently taken into custody and arrested.

14.     The suspected fentanyl acquired from BURGOS was collected from the CS by DEA agents. The $500.00 OAF was also recovered from the CS by DEA agents. The substance field tested positive for fentanyl and heroin and weighed approximately 200 grams..

15.     Based on the facts described above, Your Affiant submits that there is probable cause to charge Stanlli BURGOS with one count of distribution of 40 grams or more of fentanyl and heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), for the delivery that occurred on August 11, 2026 (approximately 200 grams).

*s/ Daniel J. Newton*
Daniel J. Newton
Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me by telephone this
____11th____ day of August 2026.


    *s/ Katayoun Copeland*
HONORABLE KATAYOUN COPELAND
UNITED STATES MAGISTRATE JUDGE